An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

EHSAN TOOSKI,
Appellant,
vs.
TSAI HSUEH TRUJILLO,
INDIVIDUALLY; TSAI HSUEH
TRUJILLO, TRUSTEE; AND TSAI
HSUEH TRUJILLO REVOCABLE
LIVING TRUST,
Respondents.

No. 61802

FILED

SEP 20 2013


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order dismissing appellant's complaint in a contract action. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

The district court granted respondents' motion to exclude appellant's exhibits and witnesses based on his failure to comply with the disclosure requirements under NRCP 16.1. As a result, the district court also granted respondents' motion to dismiss the complaint, as appellant had no evidence to present at trial. Appellant asserts on appeal that he properly disclosed the exhibits and witnesses he planned to use at trial.

Having reviewed the proper person appeal statement and the record on appeal, we affirm the district court's dismissal. While the record demonstrates that appellant made an initial disclosure of exhibits and witnesses pursuant to NRCP 16.1(a)(1), nothing in the record shows that appellant made the necessary pretrial disclosures required under NRCP 16.1(a)(3) or complied with NRCP 16.1(a)(4) in making pretrial disclosures. *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) (stating that "appellants are responsible for

13-28062

making an adequate appellate record" and "[w]hen an appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision"). Further, without any document in the record showing what, if any, pretrial disclosures were made by appellant, we cannot determine whether appellant's initial NRCP 16.1(a)(1) disclosure sufficiently disclosed all of the witnesses and exhibits appellant intended to use. Therefore, we must presume that the record would support the district court's finding that appellant's NRCP 16.1(a)(1) disclosures were insufficient. *Cuzze*, 123 Nev. at 603, 172 P.3d at 135. As a result, we affirm the district court's order excluding appellant's exhibits and witnesses and ultimately dismissing appellant's complaint. *Id.*; NRCP 16.1(g); NRCP 16.1(e)(3).

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Kenneth C. Cory, District Judge
       Ehsan Tooski
       Prestige Law Group
       Eighth District Court Clerk